**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| GRACIE MENDEZ FKA GRACIE BARRIENTOS, | § § § | |
| *Plaintiff*, | § § | |
| | § | Civil Action No. SA-14-CV-326-XR |
| v. | § § | |
| WELLS FARGO BANK N.A., ROBERT AGUILAR, AND LIVE OAK 2093, LLC, | § § § | |
| *Defendants*. | § § | |

**ORDER**

On this day, the Court considered Plaintiff's request for a temporary restraining order. Docket No. 5.  For the following reasons, the request is DENIED.

**Background**

According to her petition, Plaintiff Gracie Mendez purchased a home in San Antonio, Texas, in 2010. Orig. Pet. ¶ 4, Docket No. 1-1.  Plaintiff financed her purchase with a mortgage. *Id.*  In 2011, Wells Fargo Bank N.A. ("Wells Fargo") became the holder of Plaintiff's mortgage. *Id.* ¶ 6.  Plaintiff fell behind on her mortgage, and, in 2013, attempted to cure her default by modifying her mortgage. *Id.*  Ultimately, Plaintiff was unsuccessful. *Id.* ¶ 8.  On January 7, 2014, Plaintiff's home was sold at a foreclosure sale. *Id.*; *See* Sub. Trustee's Deed, Docket No. 4, Ex. 2.  Defendant Robert Aguilar conducted the foreclosure sale as the mortgage trustee, and Defendant Live Oak 2093, LLC ("Live Oak") purchased the home. Orig. Pet. ¶ 7, 39; *See* Sub. Trustee's Deed.

On March 28, 2014, Plaintiff filed a lawsuit in the 37th Judicial District Court of Bexar County, Texas, alleging that Wells Fargo wrongfully foreclosed on Plaintiff's mortgage while

Plaintiff's application for a mortgage modification was pending.  Additionally, Plaintiff asserts that Wells Fargo never sent notice of its intent to accelerate her mortgage. Plaintiff seeks a declaration that the foreclosure sale was void and requests that title to the property be quieted in her name.

On March 31, 2014, Plaintiff requested a temporary restraining order ("TRO") from the state court. *See* TRO, Docket No. 1-1.  The state court granted Plaintiff's request and entered a TRO, enjoining Live Oak from evicting or otherwise removing Plaintiff from the home.  The state court's TRO was effective immediately and would continue "in force and effect until further order [of the state court] or until it expired by operation of law." *Id.*  The state court set a preliminary injunction hearing for April 14, 2014. *Id.*

On April 11, 2014, Wells Fargo removed the case to this Court. Docket No. 1.  In its notice of removal, Wells Fargo asserts that it believes the mortgage trustee, Mr. Aguilar, to be a citizen of Texas.  Nevertheless, Wells Fargo asserts that Mr. Aguilar was improperly joined as a defendant and that this Court has subject matter jurisdiction pursuant to diversity jurisdiction. *Id.* ¶ 13; *see* 28 U.S.C. §§ 1332(a), 1441(a).

On April 29, 2014, Plaintiff moved to remand the case. Docket No. 4.  Plaintiff argues that Mr. Aguilar's citizenship should be considered for diversity jurisdiction analysis because he was not improperly joined.  Plaintiff asserts that if the Court considers Mr. Aguilar's citizenship, then complete diversity is lacking since both she and Mr. Aguilar are citizens of Texas. *See Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (stating that a federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants). Since diversity jurisdiction is the only subject matter jurisdiction alleged,

this Court must remand if it lacks diversity jurisdiction. 28 U.S.C. § 1447(c); *See* Not. of

Removal. ¶ 9.

The same day that Plaintiff filed her motion to remand, she filed a request for a TRO.

Docket No. 5.  By her request, Plaintiff seeks to enjoin Live Oak from evicting her from her

home.

## Discussion

Federal Rule of Civil Procedure 65(b)(1) provides that a court, "may issue a temporary

restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly
> show that immediate and irreparable injury, loss, or damage will
> result to the movant before the adverse party can be heard in
> opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to
> give notice and the reasons why it should not be required.

FED. R. CIV. PRO. 65(b)(1).  Rule 65, however, is purely procedural.  It "determines only the

method of seeking and obtaining any sort of an injunction, and has no bearing on either the

jurisdiction to exercise, or the propriety of exercising, the injunctive power." *Enterprise Intern.,*

*Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985); *see* 11A

Charles Alan Wright, *et al.*, Fed. Prac. & Proc. Civ. § 2941 (3d. ed.).

Because Rule 65 confers no jurisdiction, the district court must have both subject matter

jurisdiction and personal jurisdiction over the party against whom the injunction runs before it

enters a TRO. *Enterprise Intern.* 762 F.2d at 470; *see* 11A Charles Alan Wright, *et al.*, Fed. Prac.

& Proc. Civ. § 2941 (3d. ed.).  Here, by her motion to remand, Plaintiff raises significant

challenges to the Court's subject matter jurisdiction. *See Minella v. Bank of Am., N.A.*, SA-14-

CV-174-XR, 2014 WL 1330554, at *3–5 (W.D. Tex. Apr. 1, 2014) (remanding for lack of subject matter jurisdiction where mortgage borrowers alleged that a non-diverse trustee breached its legal duty by failing to ensure that notice of intent to accelerate was sent to the borrowers).  If Plaintiff's arguments are valid, then the Court cannot grant injunctive relief and instead must remand. *See* 28 U.S.C. § 1447(c).  However, Wells Fargo asserts that this Court has subject matter jurisdiction. *See* Notice of Removal ¶ 9.  If the Court were to determine its jurisdiction at this time, it would deprive Wells Fargo of an opportunity to respond to Plaintiff's motion to remand. *See* Local Rule CV-7(e) (allowing a response to a nondispositive motion to be filed no later than 7 days after the filing of the motion).

Despite the unusual circumstances of Plaintiff's TRO request, the Court is not forced to consider Plaintiff's jurisdictional challenges at this time.  Instead, the Court finds that Plaintiff has not satisfied the procedural requirements of Rule 65 and that Plaintiff's request must be denied on that basis.

As required by Rule 65, Plaintiff has not clearly shown by specific, verified facts that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." *See* FED. R. CIV. PRO. 65(b)(1)(A).  In Plaintiff's TRO request, she vaguely asserts that, "[t]he eviction is now final and Live Oak now seeks a writ of possession to throw the Plaintiffs [*sic*] out of their [*sic*] home." Req. for TRO ¶ 8.  Plaintiff does not state whether Live Oak has petitioned the eviction court for a writ of possession, when the eviction court is expected to issue a writ, and when Live Oak is expected to execute on its writ.  Moreover, the original state-court TRO expired over two weeks ago. *See* TRO (entered March 31, 2014); TEX. R. CIV. P. 680 ("Every temporary restraining order . . . shall expire by its terms within such time

after signing, not to exceed fourteen days."). By omitting key facts, Plaintiff has failed to clearly

show that immediate and irreparable harm will result before Defendants can be heard in

opposition. Accordingly, Plaintiff has not met the procedural requirements of Rule 65, and this

Court must deny her TRO request. *See* FED. R. CIV. PRO. 65(b)(1).[1]

**Conclusion**

For the foregoing reasons, Plaintiff's request for a temporary restraining order is

DENIED. Docket No. 5.

It is so ORDERED.

SIGNED this 1st day of May, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, even were the Court to find that Plaintiff met the procedural requirements of Rule 65, and even were the Court to find that it has subject matter jurisdiction, the Court likely cannot grant a TRO because of the limitations imposed by the Anti-Injunction Act. 28 U.S.C. § 2283; *see Brinson v. Universal Am. Mortg. Co.*, CIV.A. G-13-463, 2014 WL 722398 (S.D. Tex. Feb. 24, 2014) (noting that the Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court and collecting cases where federal courts have refused to enjoin the execution of state-court eviction judgments).