# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| GRACIE MENDEZ f/k/a GRACIE BARRIENTOS, § § § | |
| *Plaintiff*, § § | Civil Action No. SA-14-CV-326-XR |
| v. § § | |
| WELLS FARGO BANK, N.A., et. al., § § | |
| *Defendants*. § § § § | |

## ORDER

On this date, the Court considered Plaintiff's motion to remand. Doc. No. 4. After careful consideration, the Court DENIES the motion.

## BACKGROUND

This case arises out of the foreclosure sale of Plaintiff's real property located at 24406 Grape Creek Lane, San Antonio, Texas (the "Property"). Plaintiff originally purchased the Property on April 29, 2010, secured by a mortgage and a Deed of Trust. Orig. Pet. at ¶ 6. The Deed of Trust was subsequently assigned to Defendant Wells Fargo Bank N.A. ("Wells Fargo"). *Id.* At some point thereafter, Plaintiff fell behind on her payments and her attempts to secure a loan modification were ultimately unsuccessful. *Id.* at ¶ 8. On December 13, 2013, Wells Fargo sent a notice of acceleration and a notice of sale. *Id.* at ¶ 7. On January 7, 2014, Defendant Robert Aguilar, the substitute trustee, conducted a foreclosure sale. *Id.* Defendant Live Oak 2093 LLC was the purchaser. *Id.*

On March 28, 2014, Plaintiff filed her Original Petition in the 37th Judicial District Court of Bexar County alleging that Wells Fargo and the substitute trustee, Mr. Robert Aguilar, had wrongfully foreclosed on her property while she was attempting to obtain a loan modification. The Original Petition asserts causes of action for: (1) negligence, (2) breach of contract; and (3) quiet title. *Id.* at ¶ 29-39. Plaintiff further claims that she never received notice of intent to accelerate. *Id.* at ¶ 9. Plaintiff obtained an *ex parte* temporary restraining order ("TRO") in state court enjoying Live Oak from evicting Plaintiff. Doc. No. 1, Ex. A. That TRO subsequently expired on April 14, 2014.

On April 11, Wells Fargo removed the case to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Although both Plaintiff and Mr. Aguilar appear to be Texas residents, Wells Fargo asserts that the Court may disregard Mr. Aguilar's citizenship because he has been improperly joined. Doc. No. 1.

On April 29, 2014, Plaintiff filed a motion to remand the case. Doc. No. 4. Plaintiff argues that Mr. Aguilar's citizenship should be considered for the diversity jurisdiction analysis because he was not improperly joined. Plaintiff correctly asserts that if the Court considers Mr. Aguilar's citizenship, then complete diversity is lacking since both he and Plaintiff are citizens of Texas. *See Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (stating that a federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants). On the same day that Plaintiff moved to remand the case, she additionally filed a motion for a preliminary injunction. *See* Doc. No. 5. On May 1, 2014, the Court entered an order denying that motion on the grounds that Plaintiff was simultaneously

contesting the Court's subject matter jurisdiction, and in addition had failed to meet her burden under Rule 65 of establishing that she was entitled to a preliminary injunction under the Federal Rules. Doc. No. 6. On May 6, 2014, Wells Fargo filed its response to Plaintiff's motion to remand, to which the Court now turns.

## LEGAL STANDARD

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Removal is proper in any case where the federal court would have had original jurisdiction. *Id.* To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). The Fifth Circuit has held that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently

means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

## DISCUSSION

This case does not involve allegations of actual fraud in the pleading of jurisdictional facts. As a result, the inquiry is focused on whether the removing party (Wells Fargo) has established that Plaintiff has no reasonable basis to recover against the non-diverse Defendant, Mr. Aguilar, in state court. To begin, in these state law foreclosure cases, courts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction. *See e.g., Eisenberg v. Deutsche Bank Trust Co. Americas*, SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011) (finding that a trustee did not defeat diversity jurisdiction where the trustee was named solely to prevent foreclosure, no foreclosure sale had occurred, and the plaintiffs did not allege any defects in notice or bad faith by the trustee). However, in circumstances where a plaintiff asserts actual misconduct on the part of the trustee, a court must assess whether such allegations give rise to a reasonable basis for plaintiff to recover against the trustee in state court. *See Sanchez v. Bank of America, N.A.*, SA-13-CV-87-HLH, at 2–3 (W.D. Tex. Mar. 19, 2013) ("[T]he status of a substitute trustee [as a properly or improperly joined defendant] hinges on the nature of the actions allegedly taken by the trustee"). Here, Plaintiff alleges misconduct on behalf of the trustee, and so the Court is required to assess the potential viability of those claims in state court.

Plaintiff alleges two theories of Mr. Aguilar's individual liability. First, Plaintiff claims that Mr. Aguilar is liable for failing to fully investigate whether the foreclosure sale was proper. Orig. Pet. at ¶ 8; Doc. No. 4 at 5 ("Defendant Aguilar had a duty to inquire as to the compliance

by the Defendant Bank with the applicable … duties… of the mortgagee."). In *Minella*, a case relied upon heavily by Plaintiff to support her motion to remand, this Court concluded that Texas law does not impose any generalized duty to investigate upon a trustee. *Minella v. Bank of Am., N.A.*, No. SA-14-CV-174, 2014 WL 1330554 at *3, (W.D. Tex. Apr. 1, 2014). Consequently, Plaintiff has no reasonable basis to recover against Mr. Aguilar on this theory.

Next, Plaintiff contends that she never received notice of intent to accelerate.[1] Orig. Pet. at ¶ 8. When faced with similar claims in *Minella*, this Court concluded that, while it is clear that the lender must provide notice of intent to accelerate, it was unclear whether such a duty extended to the trustee. *Minella*, 2014 WL 1330554 at *4. Finding that Texas law was unsettled on this point, the Court remanded the case only because the removing Defendants had not met their heavy burden of establishing no probability of recovery in state court. *Id.* at 5. In so doing, the Court expressly did *not* conclude that Texas law imposed a duty on the trustee to send notice of intent to accelerate. On the contrary, the whole point of *Minella* was that such a determination of state law is a task best reserved for the state courts. Therefore, on this point at least, *Minella* was less about Texas property law and more about the law of federal jurisdiction and improper joinder.

Regardless of whether the duty to send notice of intent to accelerate extends to a trustee, Wells Fargo has provided evidence that such a notice was indeed mailed, thereby vitiating any potential for recovery against Aguilar on this theory. On October 15, 2013, Wells Fargo sent Plaintiff a letter at her last known address. This letter expressly provided that "to avoid the possibility of acceleration, you must pay this amount on or before November 19, 2013 … If funds are not received by the above referenced date, we will proceed with acceleration." Doc.

---

[1] Plaintiff concedes that Defendants complied with their duty to provide notice of acceleration and notice of sale. Orig. Pet. at ¶ 7.

No.9, Ex. A. By its terms, this letter constitutes a notice of intent to accelerate. As noted in *Minella*, it is not clear whether duty to send such a notice applies to the trustee. However, since notice of intent to accelerate was mailed in this case, the question of the scope of this duty is not before the Court. By disproving all of Plaintiff's theories of Mr. Aguilar's liability in this case, Wells Fargo has established that Plaintiff has no reasonable basis to recover against the non-diverse Defendant in state court. Consequently, Mr. Aguilar was improperly joined and his citizenship may be disregarded for diversity purposes. There being complete diversity of the parties, the Court finds that it has subject matter jurisdiction over this claim under 28 U.S.C. § 1332(a).

## CONCLUSION

In light of the foregoing analysis, the motion to remand is DENIED. Doc. No. 4. All claims against Defendant Aguilar are DISMISSED WITHOUT PREJUDICE.

SIGNED this 13th day of May, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE