IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GRACIE MENDEZ f/k/a GRACIE BARRIENTOS,<br><br>*Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et. al.,<br><br>*Defendants*. | Civil Action No.  SA-14-CV-326-XR |

**ORDER**

On this date, the Court considered Plaintiff's motion for reconsideration.  Doc. No. 12. After careful consideration, the motion is DENIED.

**DISCUSSION**

On April 29, 2014, Plaintiff Gracie Mendez filed a motion to remand this foreclosure case on the grounds that subject matter jurisdiction was lacking.  *See* Doc. No. 4.  Specifically, Plaintiff argued that there was not complete diversity of the parties because one of the named Defendants, mortgage trustee Robert Aguilar, was a citizen of the same state as Plaintiff (Texas). *Id.*  On May 13, 2014, this Court entered an order denying the motion to remand after finding that Mr. Aguilar had been improperly joined. Doc. No. 10; *see Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(discussing the improper joinder exception to the complete diversity rule).  In its order, the Court found that Plaintiff had no reasonable basis to recover against Mr. Aguilar in state court and that, consequently, his citizenship could be disregarded and the claims against him dismissed*. Id.*

1

In lieu of litigating the merits of her claim in this forum, Plaintiff has filed a motion for reconsideration, again seeking to remand the case to state court. Doc. No. 12. Plaintiff challenges this Court's conclusion that she has no reasonable basis to recover against Mr. Aguilar in state court. *Id.* In her state court petition, Plaintiff alleged that Mr. Aguilar is individually liable for the lender's alleged failure to send notices of intent to accelerate. *See* Orig. Pet. at ¶ 9. In its order denying Plaintiff's motion to remand, this Court found that notice of intent to accelerate was mailed on or about October 14, 2013. Doc. No. 10. Recognizing that it is uncertain whether the duty to send notice of intent to accelerate extends to the trustee, the Court found that, because such a notice was in fact sent, Plaintiff could not expect to recover on this theory. *Id.*

In her motion to reconsider, Plaintiff admits that notice of intent to accelerate was mailed in October, 2013. Doc. No. 12 at 2. However, Plaintiff argues that she made a payment in response to this notice, and that by accepting this payment, the lender abandoned its acceleration. *Id.* According to Plaintiff, any further acceleration required a new notice of intent to accelerate. *Id.* ("That is to say, once [the bank] took the payment, the Plaintiffs get a do over on the notices"). Plaintiff is impliedly advancing a two-part legal argument that: (1) a new notice of intent to accelerate is always required after a borrower *accepts* a payment; and (2) the duty to provide a successive notice of intent to accelerate extends to the trustee. For the purposes of this motion, the Court need not take a position on this unsettled area of Texas property law.[1] In this case, the lender never actually accepted Plaintiff's attempted payments. This is evident from the face of Plaintiff's state court pleading. Therein, Plaintiff admits that her attempted payment was

---

[1] In fact, in conducting an improper joinder analysis, it is often inappropriate for a federal court whose jurisdiction is questioned to opine on unsettled questions of state law. Cf. *Minella v. Bank of Am., N.A.,* No. SA-14-CV-174, 2014 WL 1330554 (W.D. Tex. Apr. 1, 2014).

returned to her on November 22, 2013. *See* Orig. Pet. ¶ 6. Even assuming the accuracy of Plaintiff's legal arguments, it is difficult, if not impossible, to see how the bank could have "accepted" her payment when it was immediately returned. Thus, the factual underpinnings of Plaintiff's theory of the trustee's liability – that no effective notice of intent to accelerate was ever mailed – remains flawed. Consequently, the Court again finds that Mr. Aguilar was improperly joined and DENIES this motion to reconsider its previous order denying Plaintiff's motion to remand. Doc. No. 12.

Plaintiff has also filed a motion for leave to amend her petition, to re-add Mr. Aguilar as a Defendant. Doc. No. 11. In considering Plaintiff's motion to reconsider, the Court necessarily reaffirmed its prior finding that Plaintiff has no reasonable basis to recover against Mr. Aguilar. As a result, Plaintiff's proposed amendment would be "futile" and leave to amend is properly denied under Rule 15. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

## CONCLUSION

In light of the foregoing analysis, the motion to reconsider is hereby DENIED. Doc. No. 12. In addition, Plaintiff's motion for leave to amend is also DENIED. Doc. No. 11.

SIGNED this 23rd day of May, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE